# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:03-CR-193** |
| | : | |
| v. | : | (Chief Judge Conner) |
| | : | |
| **ALISTER CAMPBELL,** | : | |
| | : | |
| Defendant | : | |

## **ORDER**

AND NOW, this 18th day of June, 2015, upon consideration of the letter (Doc. 44) filed *pro se* by defendant Alister Campbell ("Campbell"), seeking modification of the terms of the sentence imposed on February 19, 2014, and specifically requesting that the court modify the portion of the judgment which directs that Campbell's sixty-three (63) month term of imprisonment be run consecutively to the terms of imprisonment Campbell is serving in several Dauphin County cases, (see id.), and instead direct that the federal sentence be run concurrently to the various state terms of imprisonment that Campbell is serving, (see id.), and the court noting that Campbell fails to cite legal authority in support of his request for relief, (see id.), but observing that the motion is untimely if construed as a request to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, see 28 U.S.C. § 2255(f) ("A 1-year

period of limitation shall apply to a motion under this section."),[1] and in any event does not take the proper form required by the Local Rules for such motions, see L.R. 83.32.1; ("The petition or motion . . . shall be on the standard form supplied by the clerk of court when the petition or motion is . . . a § 2255 motion."); see also R. GOVERNING § 2255 CASES R. 2(c) ("The motion must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule."), and concluding that, other than generally seeking a "second chance," Campbell identifies neither circumstance nor legal authority supporting a reduction of his sentence, see, e.g., 18 U.S.C. 3582(c) (allowing district courts to reduce a term of imprisonment upon motion of the Director of the Bureau of Prisons under certain extraordinary and compelling circumstances and when a defendant's sentencing range has subsequently been lowered by the Sentencing Commission); FED. R. CRIM. P. 35(b) (allowing district court's to reduce a term of imprisonment upon

---

[1] When a petitioner has taken a direct appeal, the Section 2255 limitations period begins to run "on the later of (1) the date on which the Supreme Court affirms the conviction and sentence on the merits or denies the defendant's timely filed petition for certiorari, or (2) the date on which the defendant's time for filing a timely petition for certiorari review expires." United States v. Davies, 394 F.3d 182, 186 n.2 (3d Cir. 2005) (quoting Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999)). In the instant case, the United States Court of Appeals for the Third Circuit affirmed this court's judgment on December 30, 2004. (See Doc. 39). Campbell did not file a petition for *certiorari* within the prescribed ninety (90) day time period. Therefore, his time for filing a timely Section 2255 motion expired on March 30, 2005. See Kapral, 166 F.3d at 577. To the extent Campbell's motion is construed as a request to modify his sentence pursuant to Section 2255, the same is untimely by more than a decade.

motion of the government for substantial assistance), it is hereby ORDERED that Campbell's request (Doc. 44) for modification of the terms of the sentence imposed by this court on February 19, 2014, is DENIED.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania